THE PEOPLE *ex rel.* George K. Clark *et al.*

*v.*

JOSIAH McROBERTS, Circuit Judge.

*At Ottawa, March Term, 1881.*

MANDAMUS—*to compel the granting of a change of venue.* The writ of *mandamus* will not lie to compel a court to enter an order granting a change of venue in a cause pending in such court. That was the rule at the common law, and it is not changed by any statute in this State.

This is an application to this court for leave to file a petition for a writ of *mandamus* to compel the circuit court of Will county to enter an order granting a change of venue in a cause therein pending.

Mr. D. J. SCHUYLER, and Mr. HENRY T. HELM, for the relators, and Mr. CHARLES B. LAWRENCE, of counsel:

In this application the object of the writ sought is to compel the person to whom it shall be directed to do something which he is supposed to be bound by his duty to do, and which the applicant has the right to have done, and for which he has no other adequate specific remedy. *Etheridge* v. *Hall*, 7 Porter, (Ala.) 47; *The State ex rel.* v. *Porter*, 1 Ala. 688; *Commonwealth ex rel. Hepburn* v. *Mann*, 5 Watts & Serg. 403.

In *State* v. *McArthur*, 13 Wis. 407, a peremptory writ was awarded to compel a change of venue. And the rule was changed in *Ex parte Washburn*, 22 Wis. 99, only because, by an amendment of the statute, an appeal could be prosecuted directly from the order refusing the change. In *Ex parte Banks*, 28 Ala. 45, the writ was refused only because the granting of a change of venue was discretionary. In Illinois, in a civil suit such as this, the granting of a change is not discretionary,—it is a matter of legal right. Whenever a suitor is *entitled to a right* which is withheld from him by the

decision of a court, it can not, in any just and accurate sense, be called a mere matter of discretion. *Ex parte Banks*, 28 Ala. 45, citing *Wormley* v. *Commonwealth*, 70 Gratt. 658, and *Etheridge* v. *Hall*, 7 Porter, 47. See, also, *Gordon* v. *Longest*, 16 Porter, 97; *Durosseau* v. *The United States*, 6 Cranch, 312.

In *Ex parte Chase*, 43 Ala. 303, the court overrule the case of *Ex parte Banks*, 28 Ala. 45, and award a *mandamus* to change the venue in a criminal case.

The writ was in an early case, in *Jared* v. *Hill*, 1 Blackf. 155, allowed, to compel an inferior court to make an order for costs, in conformity with a decision of the appellate court, previously rendered. It has been more recently held that *mandamus* will lie to compel a court to issue an attachment for violation of an injunction, the remedy by appeal not being considered adequate in such case. *Merced Mining Co.* v. *Fremont*, 7 Cal. 131; *Ortman* v. *Dixon*, 9 id. 23.

As, where an attachment issued in aid of an action at law is dismissed improperly, inasmuch as all benefit of such writ will be lost and can not be regained by appeal, *mandamus* will lie to restore the attachment. *Boraim* v. *Da Costa*, 4 Ala. 393.

Where a court has erroneously refused to permit a suit to be revived, and has ordered it abated, it may be compelled by *mandamus* to rescind the order. *Ex rel. Naber's Heirs*, 7 Ala. 459.

Also, where a suit carried on for the benefit of another person has been dismissed at the application of the nominal plaintiff, *mandamus* has been granted to restore the suit. *Brazier* v. *Tarver*, 4 Ala. 569.

Where a court has allowed an amendment to the pleadings in violation of an agreement of the parties, *mandamus* has been granted to compel the enforcement of the agreement. *Ex parte Lawrence*, 34 Ala. 446.

So, where a cross-bill has been improperly dismissed before the final determination of the suit, *mandamus* has been granted

to compel the court to restore the cross-bill. *Ex parte Thornton,* 46 Ala. 384.

Also, pending proceedings for a divorce, it has been granted to compel the inferior court to enter an order for support of the wife *pendente lite,* no other adequate remedy being afforded in the law. *Ex parte King,* 27 Ala. 387.

For other instances in which *mandamus* will lie, see *State* v. *Stow,* 51 Ala. 73; *Ex parte Ware,* 48 id. 225; *Wright* v. *Johnson,* 5 Ark. 687; *Gibony* v. *Rogers,* 22 id. 462; *Spraggins* v. *County Court,* 1 Cooke, 160; *Brown* v. *Crippin,* 4 Hen. & Mumf. 173; *People* v. *Judge N. Y. Com. Pleas,* 2 Denio, 199; *State Court of Com. Pleas,* 15 Ohio St. 377; *Ex parte, in the matter of the U. S.* 16 Wall. 699; *People ex rel.* v. *Circuit Court,* 41 Mich. 326.

Mr. George S. House, for the respondent:

*Mandamus* will not lie to compel an inferior court to give a particular judgment, or to reverse its decision where it has once acted. *Seymour* v. *Ely,* 37 Conn. 106. The writ will lie to compel the court to act, but never to direct how it shall act. *Insurance Co.* v. *Wilson's Heirs,* 8 Peters, 296; *Appling* v. *Bailey,* 44 Ala. 335. Merely erroneous proceedings can not be reversed by *mandamus. Buguhl* v. *Swan,* 39 Cal. 411. The duty must be imperative, not discretionary. *People* v. *Gilman,* 5 Gilm. The writ will issue only in an extraordinary case. *School Inspectors* v. *The People,* 20 Ill. 531. It is not a writ of right, but discretionary. *People* v. *Hatch,* 33 Ill. 124. In California *mandamus* will not be granted to compel a justice of the peace to change the place of trial. *Flagley* v. *Hubbard,* 22 Cal. 35. See, also, *People* v. *Weston,* 28 Cal. 639, and authorities there cited. Generally, as to when the writ will lie and when not, see *People* v. *Sexton,* 24 Cal. 84; *State* v. *Board of Education,* 22 Wis. 100, overruling *State* v. *McArthur,* 13 Wis. 407. The law is clearly stated in *The People* v. *Dutchess,* 20 Wend. 658, where it is said, "the

writ of *mandamus* can not be awarded for the correction of judicial errors."

WALKER, J.: This is an application for leave to file a petition for a summons in *mandamus*, and to make the writ returnable to this term of court. We have examined the application, and we find that the relief sought is simply to compel the court below to grant a change of venue. After an examination of the authorities, and the briefs of the parties, we are of opinion that the writ will not lie. At common law it seems that such a writ was not allowed, nor do we think that under our statute any change has been made in regard to an application of this character. If the writ was allowed in this case compelling the court to enter a mere interlocutory order, we see no reason why it might not be asked for and granted in every case while the suit was progressing, compelling the court to enter particular orders. In other words, it would be to bring up the case in fragments from the court below, and have every ruling of that court passed upon during the progress of the case, and in that way bring cases before the court where there was no final judgment or determination in the court below.

The application will therefore be denied.

*Mandamus refused.*