## EX PARTE B. M. CHAMBERS.

### April 19, 1881.

*Mandamus* will not lie to compel the judge of a trial court to grant a change of venue.

APPLICATION for *mandamus*.

*Writ denied.*

JOHN M. DIXON, for the petitioner.

BAKEWELL, J., delivered the opinion of the court.

This is an application for a writ of *mandamus* to be directed to the Hon. James J. Lindley, one of the judges of the St. Louis Circuit Court, commanding him to grant a change of venue in a certain proceeding wherein Frank J. Bowman is plaintiff and the petitioner and others are defendants.

The granting of a change of venue is a judicial act; and the writ does not lie to compel the performance of a particular judicial act. It will lie in some cases to compel an inferior tribunal to proceed; but the writ will not issue to direct a judicial tribunal how it must proceed. The refusal of a change of venue may be erroneous. In such case the party aggrieved has his remedy by appeal or writ of error; and *mandamus* never issues except where the petitioner has a specific right and no other specific remedy. *The State ex rel.* v. *Lafayette County Court,* 41 Mo. 225; *The State ex rel.* v. *Garesché,* 65 Mo. 489.

The action of the trial court in refusing a change of venue is constantly reviewed on appeal. *The State* v. *Alex-*

*ander*, 66 Mo. 148; *Corpenny* v. *Sedalia*, 57 Mo. 88; *Woodson* v. *Younger*, 61 Mo. 395; *The State* v. *Burns*, 54 Mo. 274.

Where a change of venue was improperly awarded after verdict, *mandamus* was granted to compel the court granting the change to proceed and determine the case. *Ex parte Cox*, 10 Mo. 742. But we are not aware of any instance in which the writ has been granted to compel the trial court to grant a change of venue.

The alternative writ must be denied, and it is so ordered. All the judges concur.