STATE, EX REL. C. W. PROCTOR ET AL., V. E. COTTON.

[FILED DECEMBER 18, 1891.]

1. **Justice of the Peace:** CHANGE OF VENUE. In an action pending before a justice of the peace, a motion for a continuance was filed by the plaintiff, and afterwards a motion supported by affidavits was made by the defendant for a change of venue, with a tender of one dollar for costs. *Held*, That upon the evidence before us it was not clear that the relator had complied with the law on his part so as to entitle him to the change as sought.

2. ———— : ———— : MANDAMUS. This court will not by *mandamus* correct the alleged erroneous rulings of other courts, nor harass justices of the peace, or parties having causes pending before them, by reviewing the action of such justices before final judgment, nor will a *mandamus* be granted where there is a plain and adequate remedy at law.

ORIGINAL application for *mandamus.*

*Charles O. Whedon,* and *Charles T. Jenkins,* for relator.

No briefs filed.

MAXWELL, J.

This is an application for a *mandamus* to compel the defendant, who is a justice of the peace, to prepare and certify a transcript of his proceedings in the case of *Fred K. Porter v. Charles W. Proctor,* pending before said justice, to another justice of the peace named, an affidavit for a change of venue having been filed by the defendant in that case, and a tender of certain costs then accrued.

It appears that prior to the time set for the trial of the cause the plaintiff in that case filed a motion for a continuance for thirty days; that on the return day the defendant in that case filed an affidavit for a change of venue, and claims that he tendered the proper amount of costs, and it

is alleged that he tendered to the justice the sum of $1 for the costs of the transcripts.

The justice, in his answer, alleges that the tender of costs was coupled with the condition or demand that he transfer the case to certain justices named, and so far as we can judge from the record such was the case.

Sec. 958a of the Code provides: "That in all civil and criminal proceedings before justices of the peace, any defendant in such proceedings may apply for and obtain a change of venue, by filing an affidavit in the case, made by the defendant, his agent or attorney, stating that the defendant cannot, as affiant verily believes, have a fair and impartial hearing in the case on account of the interest, bias, or prejudice of the justice, and by paying the costs now required to be paid by defendant on change of venue, for the causes and in the cases mentioned in chapter 4 of title 30, part two of the Revised Statutes, and thereupon the proceedings shall be transferred to the nearest justice of the peace, to whom the said objections do not apply, of the same county, to be proceeded with in the manner pointed out for the transfer and procedure in cases on change of venue for cause mentioned in said chapter four.

"Sec. 958b. The application shall be made before entering upon the merits of the case by the introduction and reception of evidence, and no second change of venue shall be allowed for the same cause in the same proceeding."

Under the above sections of the Code it is the duty of the justice, upon the filing of the proper affidavit, to change the venue. The party moving for the change, however, cannot dictate to what justice the cause shall be transferred. He may, however, in his affidavit for a change state any objections to the nearest justice that he may deem to be well founded. The justice, however, must determine from all the evidence before him to whom the cause will be transferred. The object of the change is to secure an impartial

tribunal, one which will hear the case and decide impartially between the parties.

In the case before us the relator has failed to show a clear right to the relief demanded. It is pretty evident that the justice was somewhat inexperienced and in doubt as to the law upon certain points. He does not seem to have willfully denied the relator any rights. There is an adequate remedy at law for relief in this class of cases.

It was not the intention of the framers of the Code to permit cases of this kind to be brought into the supreme court, and thus harass and annoy not only the justice but the adverse party. The presumption is that a justice of the peace will do his duty, and there must be a very clear dereliction thereof before this court will compel him to act. The record fails to show such dereliction in this case, even if *mandamus* would lie.

*Mandamus* will not lie. Should this action be sustained, then every erroneous ruling of a court would be sought to be reviewed on *mandamus,* and litigation thus become interminable. In *State v. Smith,* 105 Mo., a case in some of its features similar to this, a *mandamus* was refused.

The district court reviews the action of a justice of the peace, and if either party is dissatisfied with the judgment the case may then be brought into this court for review.

The relator, if he rely on his affidavit for a change of venue, may have the same reviewed on error in the district court. That remedy is plain and adequate and does not delay the trial of the cause. The writ is

DENIED.

THE other judges concur.