THE PEOPLE EX REL. KINDEL v. THE CLERK OF THE DISTRICT COURT OF ARAPAHOE COUNTY.

1. MANDAMUS.
The writ of mandamus cannot be permitted to usurp the functions of a writ of error or an appeal.
2. JURISDICTION.
Original jurisdiction will not be exercised by this court in a case where the question involved is not *publici juris.*

*Original Application for Writ of Mandamus.*

Mr. H. J. HERSEY, Mr. E. F. RICHARDSON and Mr. H. B. O'REILLY, for relator.

Mr. F. A. WILLIAMS and Messrs. BARTELS & BLOOD, for respondent.

CHIEF JUSTICE HAYT, orally.

This application was presented upon yesterday afternoon upon petition and answer, but the court will determine the application solely upon the petition. It recites, among other things, the institution of a contest for the office of county clerk of Arapahoe county, George J. Kindel being the contestor and Richard Le Bert the contestee.

After issues were joined in the county court, a petition for a change of venue to the district court was filed by contestor. Upon this petition the venue was changed to the second judicial district of the state of Colorado, that being the district in which the county of Arapahoe is situate. The district court of the second district is divided into five divi-

sions, each presided over by a separate judge, and a rule of court designates the manner in which the business of the court shall be distributed to the several divisions. It provides that the clerk of the court shall number causes in the order in which they are filed and assign the oldest thereof to division No. 1, the next in order to division No. 2, and so on, in rotation, among the first four divisions above set forth, the fifth division attending solely to criminal business.

The petition then alleges the assignment of this case by the clerk to a division to which it did not properly fall ; that thereupon counsel for relator, contestor in said suit, immediately filed in said division a motion to have the cause sent to its proper division ; that thereafter such proceedings were had upon this motion as resulted in the sending of the cause to another division of said district court, which relator alleges was still not the division to which the cause should have been assigned ; that upon said cause reaching said division, which is division four of said district court, counsel for contestor presented and read a motion to the said court, asking for a reassignment of said cause according to rule eight of said court, but that the court, disregarding the law in the premises, refused to consider such motion, and of its own motion sent the case to another division of the court, this not being the proper one.

Upon the foregoing facts this court is asked for a peremptory writ of mandamus to compel the clerk to assign the cause to the division to which, relator alleges, it should have been assigned in the first instance. From the foregoing statement, it will be seen that when the assignment was first made the district court was asked by motion to reassign the case to a different division from that in which it was then pending. Upon this application the case was in fact reassigned, but still, it is alleged, not to the proper division. Contestor renewed his motion in the division to which the case was sent. It thus appears that the district court has already passed upon the very question which we are asked

to determine upon this application for the extraordinary writ of mandamus.

It is an elementary rule that the writ of mandamus can never be used to usurp the province of a writ of error, or take the place of an appeal. Under the allegations of this bill the petitioner has his remedy by writ of error or appeal, and for this reason this proceeding by mandamus cannot be entertained.

This court must decline to take jurisdiction for still another reason, which is equally as conclusive. Original jurisdiction will never be taken by this court over writs of this nature, except in cases involving questions *publici juris*, and in general the writ should only be put to prerogative uses, except under peculiar circumstances, which do not exist in this case. They should only issue when the interest of the state at large is directly involved, and where such interest is the principal and not a collateral question.

If this court were to entertain jurisdiction for the purpose of settling questions of practice in the trial courts, as we are here asked to do, the entire time of the court would be taken up with such matters to the determent and injury of the primary business of the court, which is appellate.

No question of jurisdiction is raised by this application, and we are not now called upon to decide as to whether the district court has jurisdiction of this proceeding. It is conceded, for the purposes of this application, that the district court of the second judicial district properly acquired jurisdiction, and it is apparent that jurisdiction once acquired could not be terminated by the action of a mere ministerial officer, such as the clerk.

As to whether or not petitioner's motion was decided correctly or incorrectly in the district court does not affect the question of jurisdiction. It had jurisdiction to decide erroneously as well as to decide correctly.

In conclusion, let me say that it does not necessarily follow from the fact that this case has been assigned to a particular division of the district court, that some particular one

of the five district judges of the second district must necessarily try the cause. It may be tried by any one of the five judges, or a judge of another district may be called in to try the cause. The relator's right, however, is not the right to select a particular judge, but a right to reject a judge that is disqualified to try the case for any reason known to the law.

This court refuses to take jurisdiction of this application, *first*, because, by so doing, it would permit a writ of mandamus to usurp the functions of a writ of error or an appeal; *second*, because the question involved is not *publici juris.*

The application for a writ of mandamus will be denied and the proceeding dismissed.

*Dismissed.*