[No 2283.   Decided October 3, 1896.]

THE STATE OF WASHINGTON *on the Relation of Dietrich Stockman*, v. THE SUPERIOR COURT OF SPOKANE COUNTY, *Norman Buck, Judge.*

VENUE — APPLICATION FOR CHANGE — WAIVER.

A party entitled to a change of venue under Code Proc., § 162, because sued in a county other than that of his residence, does not, after having made proper demand for change, waive his right thereto by failing to appear at the time a ruling is had upon his application.

*Original Application for Mandamus.*

*Staser & Holcomb,* for relator.

*W. A. Lewis,* for respondent.

*Per Curiam.*—The relator was sued in the superior court of Spokane county, but was a resident of Adams county and was served there. He appeared and filed a demurrer and also an affidavit of merits, which contained a demand that the case be tried in Adams county, but no ruling was had thereon at the time. A few days later the court denied the application for a transfer; whereupon the relator applied for this writ and the court was ordered to transfer the cause to

Adams county or show cause why the same should not be done, and other proceedings were stayed therein meanwhile.

Respondent has returned that the application for a change of venue was refused because the defendant had waived his right to a transfer; but it appears that what the court construed to be a waiver was the failure of the defendant to appear at the time the ruling was had. It was not necessary for the defendant to be present at that time. Nor does it appear that he had any notice of the time when the matter would be called up. The statute (Code Proc. § 162) is explicit. It provides for the filing of an affidavit of merits and a demand for a change of venue when the defendant appears and pleads. This was complied with and the court had only one duty to perform; that was to grant the change.

It is directed that the peremptory writ issue.