# STATE EX REL. INDEPENDENT PUBLISHING CO. ET AL. RELATORS, *v.* SMITH, JUDGE, RESPONDENT.

[No. 1,440.]

[Submitted October 19, 1899.   Decided November 6, 1899.]

### *Mandamus to Compel Change of Venue.*

1. Refusal in the district court of a change of venue on the ground of residence is a judicial act, which by Code of Civil Procedure, section 1742, may be reviewed on an appeal from the final judgment; and hence *mandamus* will not lie to compel a judge to grant a change on such ground, the remedy by appeal from the final judgment being plain, speedy, and adequate.
2. *Mandamus* lies to coerce into activity, but not to direct the making of a particular judicial decision or ruling in a matter within the jurisdiction of the court or judge.

APPLICATION for *mandamus* by the state, on the relation of the Independent Publishing Company, a corporation, and others, relators, against D. F. Smith, Judge of the District Court of the Eleventh Judicial District, in and for Flathead County.   Respondent demurs to the petition.   Demurrer sustained, and application dismissed.

*Messrs. Carpenter & Carpenter, Mr. M.° Bullard, Mr. T. D. Long, Messrs. Foot & Pomeroy,* and *Messrs. Cullen, Day & Cullen,* for Relators.

Mandamus lies to compel the performance of an act which the law specially enjoins as a duty.   (Code of Civil Procedure, Sec. 1961.)   The statute makes it the duty of the court upon the filing of a proper affidavit to grant the change.   There is no discretion to be exercised.   The defendants are entitled as of right to the change.   Justice Whitman, speaking of a statute identical with ours, says:   "As a general rule, change of place of trial is eminently within the discretion of the court to which the motion is addressed; but when the motion is made under the peculiar language of the statute cited, on the ground of residence, there is no room for discretion.   The statute is peremptory in that regard, and the party making such motion

is entitled to have the same granted, that he may plead or take such other action as he may be advised; and to that end, it is his privilege to have the ruling and decision of the judge of the place of his residence, upon any question arising subsequently to the necessary order, upon his demand and motion." (*Williams* v. *Keller*, 6 Nev. 141.) To the same effect is the case of *Watkins* v. *Degener*, 63 Cal. 500. Both of the above cases were cited with approval in the case of *Yore* v. *Murphy*, 10 Mont. 304. Speaking of another subdivision of the same statute—that authorizing a change for the disqualification of the judge—Judge Beatty says: "The plain injunction of the statute leaves the disqualified judge, in such cases, no discretion. He has but one thing to do, and it is his duty to do that thing at once." (*Krumdick* v. *Crump* (Cal.), 32 Pac. 800.) So, too, this court has held, in the matter of a motion for a change of venue in actions commenced before a justice of the peace, that the filing of the affidavits containing the required statements ousts the justice of his jurisdiction for further proceedings except to transfer the cause. (*State* v. *Evans*, 13 Mont. 239.) To the same effect is the decision of the Supreme Courts of Washington and Colorado. (*State ex rel. Cummings* v. *Superior Court*, 32 Pac. 457; *Smith* v. *People*, 29 Pac. 924; see, also, 4 Amer. & Eng. Ency. Prac. 440.) It follows from these that the writ must be granted unless there is "a plain, speedy and adequate remedy in the ordinary course of law."

Prior to the adoption of the Codes there was an appeal from "an order refusing to change the place of trial." By their adoption that right has been taken away, and the action of the court in denying the motion cannot be reviewed on appeal until after final judgment. We submit that the remedy is neither speedy nor adequate. This court has held that an appeal to the district court from a judgment by a justice of the peace affords no relief against his order refusing to change the place of trial in a proper case, and that *certiorari* to review his action would therefore lie. (*State* v. *Evans*, *supra*.) We submit that the same is true in this case. "The appeal," as

Judge Harwood says, "would rather involve a submission to such action, as though it was fully within the justice's (court's) jurisdiction." See, also, *Krumdick* v. *Crump, supra,* where *mandamus* was granted. Where the remedy by appeal is inadequate *mandamus* will lie. (*Carrayea* v. *Fernald,* 66 Cal. 351; Merrill on Mandamus, Sec. 53.)

*Mr. T. J. Walsh,* for Respondent.

**PER CURIAM.**—This is an application for a peremptory writ of mandate to compel the judge of the district court of the county of Flathead to cause to be entered an order changing the place of trial in a certain action commenced and pending in that court, wherein one Whiteside is the plaintiff and the relators are the defendants, to the county of Lewis and Clarke. An alternative writ was issued, the verified petition in support of which shows these facts: The action was brought to recover damages for alleged libels published by the defendants in the county of Flathead; all the defendants were served with summons in the county of Lewis and Clarke, where they reside; at the time the defendants appeared and demurred, they made and filed a demand for a change of venue to the county of their residence, and accompanied the demand with an affidavit of merits, which demand was denied. To the petition the respondent demurs for insufficiency, asserting that *mandamus* is not the proper remedy, and also that, even if the remedy sought be proper, the order of the district court refusing the request to change the place of trial was correct. The relators, on the other hand, contend that the provisions of Sections 613, 614, 615, of the Code of Civil Procedure, made it the ministerial duty of the court, upon the filing of the demand and affidavit of merits, to grant the change, and that the performance of such act by the district court of which the respondent is the judge is a duty specially enjoined by statute, to compel the discharge whereof there is no plain, speedy and adequate remedy in the ordinary course of law, and that therefore *mandamus* is the remedy.

Granting or refusing to grant a change of venue upon the

ground of residence is a judicial act, when done by a district court of this state.' On appeal to this Court from the final judgment of the district court, an order denying a change of venue demanded by the appellant may be reviewed (Section 1742 of the Code of Civil Procedure); hence we are clearly of the opinion that *mandamus* is not, under the statutes of Montana, the proper remedy to compel a court of general common-law jurisdiction, or its judge, to grant a change of the place of trial of an action for libel to the county where the defendant resides and was served with summons, nor to correct or annul an erroneous order denying such change. The writ lies to coerce into activity, but not to direct the making of a particular judicial decision or ruling in a matter within the jurisdiction of the court or judge. If final judgment shall be entered against the defendants in the action brought by Whiteside, an appeal therefrom is a plain, speedy and adequate remedy afforded them in the ordinary course of law for the review and correction of the supposed error committed in refusing to change the venue. If the writ be proper on the present application, then it might well be invoked to review any intermediate order or decision of a court or judge, such as an order overruling a demurrer to a complaint, or striking out irrelevant matter from a pleading, or granting or refusing a motion to quash a summons, or granting or denying a continuance. *Mandamus* may not thus be diverted from its legitimate office. From a multitude of cases supporting the conclusion here announced, we cite *People* v. *Sexton*, 24 Cal. 78; *People* v. *McRoberts*, 100 Ill. 458; *State* v. *Cotton*, 33 Neb. 561, 50 N. W. 688; *People* v. *Hubbard*, 22 Cal. 35; *People* v. *Judge of Twelfth Dist.*, 17 Cal. 548; *People* v. *Clerk of Court*, 22 Colo. 280, 44 Pac. 506; *Ex parte Chambers*, 10 Mo. App. 240; *State* v. *Clayton*, 34 Mo. App. page 569. See, also, High, Extr. Leg. Rem. (4th Ed.) Sec. 172, and 4 Enc. Pl. and Prac. 442, 443 and 492.

The relators invite attention to *State ex rel. Gleim* v. *Evans* 13 Mont. 239, 33 Pac. 1010. That was a proceeding in *certiorari*, in which it was held that, when an application was

made to a justice of the peace for a change of venue on the ground of the prejudice of the justice, any proceeding by the justice thereafter, except to transfer the cause to another justice, would be beyond his jurisdiction, and that any judgment subsequently rendered the justice on whom demand for a change was made should be annulled upon *certiorari*. *Herbert* v. *Beathard*, 26 Kan. 746, is a case of the same kind. The statute of Kansas provides, in substance, that if, prior to trial, either party shall file with the justice of the peace before whom a case is pending an affidavit stating that he believes he cannot have a fair and impartial trial, on account of the bias or prejudice of the justice against the affiant, the trial of the case shall be changed to another justice of the peace; and the court held that upon the filing of such an affidavit the justice of the peace does not exercise any judicial discretion in determining whether he will grant the change of venue or not, but that the granting of the change of venue is, under such circumstances, a purely ministerial act. So, in *Krumdick*, v. *Crump, Judge*, 98 Cal. 117, 32 Pac. 800, the court held that *mandamus* would lie to compel a judge who, having been the attorney for the defendant in the action, was confessedly disqualified to grant a change of venue, the court saying that the statute left the disqualified judge no discretion to exercise; moreover, if he had tried and determined the cause, the judgment would doubtless have been void because *coram non judice*, since no man may adjudge his own case. It was held that his duty was specially enjoined by the statute, and was ministerial. In *State* v. *Superior Court of King Co.*, 5 Wash. 518, 32 Pac. 457, a writ of prohibition was issued to the superior court to prevent it from trying a certain action, wherein the defendant had made due application for a change of venue to the county of his residence; and the decision proceeds upon the assumption or premise that, after the demand for a change of venue was made, the court had no jurisdiction of the action for the purposes of trial. No one of the cases relied upon by the relators is persuasive authority for their position.

The demurrer is sustained, and the application dismissed, for the reason that *mandamus* is not the proper remedy. Judgment will be entered accordingly.

*Dismissed.*