[No. 3635.   Decided April 4, 1901.]

THE STATE OF WASHINGTON *on the Relation of B. Roswell Hubbard* v. SUPERIOR COURT OF KING COUNTY, and WILLIAM HICKMAN MOORE, *Judge thereof.*

MANDAMUS — WHEN LIES — REMEDY BY APPEAL.

The refusal of the superior court of one county to assume jurisdiction of a cause sent to it on a change of venue amounts to a final order of dismissal of the cause, which, being reviewable on appeal, precludes the supreme court from affording a remedy by writ of mandate to compel the lower court to entertain jurisdiction.

*Original Application for Mandamus.*

*Greene & Griffiths,* for relator.

*L. C. Gilman,* for respondents.

PER CURIAM.—Original application for mandamus. Relator filed his affidavit alleging that he is by profession a physician and surgeon; that in July, 1899, he made written application for a license to practice medicine and surgery to the state medical examining board, created under the act of March 28, 1890, then in session at Spokane, and submitted to an examination by the board in the branches designated in the statute, paid the required fee for such examination, and thereupon the board refused

such license, and relator, on the 3d of August, 1899, duly
took his appeal from said board as provided in the statute
to the superior court of Spokane county, that being the
county in which was held the last general meeting of the
board prior to the refusal of the license; that thereafter,
on motion of the relator, a change of venue was granted to
the superior court of King county by the Spokane superior
court; that thereafter the cause was duly set down to be
tried by the superior court of King county, and there-
after, on motion of counsel for the board, the superior
court of King county refused to entertain jurisdiction of
said cause for any purpose, and ordered it to be stricken
from the trial docket on the ground that no change of
venue could be granted in such cause.   To such ruling
of said court relator duly excepted, and his exceptions
were allowed.

It will be perceived that the essential complaint of re-
lator is that the superior court of King county refused to
entertain jurisdiction of the cause sent to it from the su-
perior court of Spokane county.   The affidavit states the
reasons of the court for its ruling.   We think the ruling
of the court must be treated as a final order of dismissal of
the cause.   The complaint of the relator here, then, is for
error in making the order.   In this view of the case man-
damus will not lie.   There is an adequate remedy by ap-
peal.   The application for a mandate to compel the supe-
rior court to entertain jurisdiction of the cause apparently
falls clearly within the rule announced in *State ex rel.
Light Co. v. Superior Court,* 20 Wash. 502 (55 Pac. 933),
which was a very careful review of the function of the
writ issued from this court, and, upon the authority of that
case, the writ is denied.