[No. 3947.    Decided June 18, 1901.]

THE STATE OF WASHINGTON *on the Relation of W. B. Stratton, Attorney General,* v. BOYD J. TALLMAN, *Judge of the Superior Court of King County.*

WILLS — CONTEST — MANDAMUS — ADEQUATE REMEDY AT LAW.

Mandamus will not lie to compel the superior court to hear and determine a motion praying for the vacation of an order admitting a will to probate made within a year after the probate of the will, since the statutes (Bal. Code, §§ 6110, 6112) afford a plain, speedy, and adequate remedy by providing that a will admitted to probate is binding on all persons, if not contested within one year, and by providing a plain procedure for determining all questions affecting its validity, which may be raised by contest within such year.

*Original Application for Mandamus.*

*W. B. Stratton,* Attorney General, *C. C. Dalton* and *E. W. Ross,* for relator.

*Pratt & Riddle, W. F. Hays, Jesse P. Houser* and *J. W. Robinson,* for respondent.

The opinion of the court was delivered by

REAVIS, C. J.—Original application for mandamus. In September, 1900, John Sullivan, a resident of King County, died, leaving a large estate, both real and personal, in that county. Letters of administration were issued by the superior court thereafter. On the 8th of March, 1901, following, Marie Carrau, of Seattle, filed a written paper, purporting to be a nuncupative will of deceased, praying that such will might be admitted to probate. Citation was issued, delivered to the sheriff, and immediately returned, stating there were found no heirs or next of kin of deceased. Thereafter, upon the same day, proof was made and an order entered admitting the will to probate.

Afterwards a petition for an order of distribution of the estate under the will was filed, and the hearing of such petition was set for the 10th of May, 1901. Before the petition for distribution was heard, the attorney general, on behalf of the state, filed a motion in the probate court, praying for the vacation of the order admitting the will to probate and to set aside all the proceedings leading up to the probate of the will, upon the grounds that the court acquired no jurisdiction to hear any evidence in support of the will because no citation was issued as required by law, because the citation was issued on the day it bears date, and at the time the will was presented to the court and immediately returned by the sheriff without making any effort to find any of the heirs of deceased or any person interested in the estate, and because deceased never made or attempted to publish and declare the will. Thereupon the court declined to consider or decide the motion, on the ground that the state could not properly appear in the proceeding. The attorney general applied here for a mandate directing the probate court to consider and determine the motion.

The extraordinary writ will not be issued if relator has a plain, speedy, and adequate remedy at law. Relator urges that under subd. 8, of § 4620, Bal. Code, the state is interested in testing the validity of the will, because, in the event of the establishment of intestacy and upon the failure of heirs, the estate escheats to the state. The effect of the order admitting a will to probate, either written or nuncupative, is declared in § 6108, Bal. Code, "as effectual in all cases as the original would be if produced and proven," and such effect by § 6112 is declared binding upon all persons if its validity shall not be contested within one year after the probate or rejection of the will. Assuming that the state may have such contin-

gent interest in the estate as to have the real truth of the existence and validity of the will determined, it appears there is a plain procedure, which is speedy and adequate, pointed out in § 6110, Bal. Code, by which issues may properly be made up and tried and determined, respecting all questions affecting the regularity of the execution or of the validity of the will, and the superior court, entertaining such a suit, may fully protect such rights in the estate by such stay of proceedings in the procedure in probate as may be necessary or effective.

The conclusion, therefore, is that the appropriate procedure is designated in § 6110, *supra*, and there is no necessity shown for a mandate from this court. Writ denied.

FULLERTON, ANDERS, DUNBAR, MOUNT, WHITE and HADLEY, JJ., concur.