[No. 4767.    Decided August 8, 1903.]

THE STATE OF WASHINGTON *on the Relation of Stetson & Post Mill Company* v. SUPERIOR COURT OF KING COUNTY.

PROHIBITION — REMEDY BY APPEAL.

Prohibition will not lie to restrain a superior court from entering a judgment logically flowing from its findings, even if the legal operation of a former judgment in the case as *res judicata* is thereby destroyed, since such action of the court would amount to error for which there is a remedy by appeal.

*Original Application for Prohibition.*

*J. W. Rayburn* and *W. H. Brinker,* for relator.

*Humphries & Bostwick,* for respondent.

The opinion of the court was delivered by

DUNBAR, J.—The petitioner brought an action to recover the posession of certain premises sold under a judg-

ment obtained in the superior court of King County June 7, 1899, and affirmed by this court January 19, 1900. It is unnecessary to go into a history of the case, but, briefly, certain testimony was admitted, under the allegations of the answer, upon which the court found certain facts which the relator deemed inconsistent with its rights under the judgment, and which it contends, in effect, destroys the legal operation of said judgment. We are not able to determine, from the judgment heretofore rendered and from the record on this application, that the court is interfering with or disregarding the judgment which was affirmed by this court. It is true that a judgment fixes the rights and liabilities of all parties and privies to the judgment, but it seems to be the contention of the defendants that they are not privy to the judgment, and are therefore not bound by it. There was no plea of former adjudication tendered by the plaintiff to the answer or to the testimony objected to, and, if there had been, the question of whether or not the judgment was *res adjudicata* is a proper question to be determined on appeal. In this case the action was brought by the petitioner for the writ, the cause was tried and the case submitted, and, when it was ascertained by the petitioner that the findings of the court were against its interests, it for the first time asked to have the court prohibited from entering a judgment logically flowing from the findings. Conceding that the contention of the petitioner is correct, that the court's findings were not justified, it was simply the commission of error on the part of the court, which can be remedied only on appeal.

There being no necessity shown for the imposition of extraordinary remedies, the writ will be denied.

FULLERTON, C. J., and ANDERS, MOUNT and HADLEY, JJ., concur.