[No. 5944. Decided November 25, 1905.]

THE STATE OF WASHINGTON, on the Relation of
Valentine Miller et al., Plaintiff, v. THE
SUPERIOR COURT FOR SPOKANE
COUNTY, Respondent.[1]

PROHIBITION—WHEN LIES—PREVENTING FURTHER PROCEEDINGS AFTER DENIAL OF APPLICATION FOR CHANGE OF VENUE—ADEQUACY OF REMEDY BY APPEAL. Prohibition does not lie to prevent the superior court from proceeding to try a case, although it may be without jurisdiction by reason of the erroneous denial of an application for a change of venue; since there is an adequate remedy by appeal, which is the test to be applied upon all applications for extraordinary writs; and the delay or expense incident to an appeal does not affect the adequacy of the remedy.

Application filed in the supreme court November 10, 1905, for a writ of prohibition to restrain the superior court for Spokane county, Kennan, J., from further proceeding in a cause after having denied an application for a change of venue. Writ denied.

Zent & Lovell, for relators.

Belt & Powell, for respondent.

RUDKIN, J.—J. A. Harris commenced an action in the superior court of Spokane county to recover a money judgment against Valentine Miller, George Zier and Conrad

1Reported in 82 Pac. 875.

Kissler. The defendants Miller and Zier appeared in the action and filed a demurrer, an affidavit of merits, and a motion for change of venue to the superior court of Adams county. This motion was supported, by the affidavit of the defendant Miller to the effect that he was a resident of Adams county, at the time of the commencement of the action, and was served with process there; by the affidavit of the defendant Zier to the effect that he was a resident of Lincoln county, at the time of the commencement of the action; and by the affidavit of one of their attorneys to the effect that all of the defendants were nonresidents of Spokane county, and were actual residents of either Lincoln or Adams county at the time of the commencement of the action. The motion for a change of venue was denied, and the defendants Miller and Zier have applied to this court for a writ of prohibition, restraining the superior court of Spokane county from further proceeding in the cause, on the ground that it has no jurisdiction.

In *State ex rel. Cummings v. Superior Court* 5 Wash. 518, 32 Pac. 457, 771; *State ex rel. Campbell v. Superior Court,* 7 Wash. 306, 34 Pac. 1103; *State ex rel. Allen v. Superior Court,* 9 Wash. 668, 38 Pac. 206, and *State ex rel. Stockman v. Superior Court,* 15 Wash. 366, 46 Pac. 395, this court held, that where a defendant was sued in a transitory action in a county other than the county of his residence, and appeared in the action and filed a proper application for a change of venue, the filing of such application ousted the court of jurisdiction, and that this court would issue a writ of prohibition to restrain further proceedings in that court. If these decisions are followed in this case it will be incumbent on us to consider the merits of the application for a change of venue, otherwise not.

In *State ex rel. Townsend Gas etc. Co. v. Superior Court,* 20 Wash. 502, 55 Pac. 933, this court reviewed at length its former decisions relating to the extraordinary writs of mandamus and prohibition, and in effect overruled many of

them. In that case it was distinctly held that the fact that a court refuses to entertain jurisdiction where jurisdiction is conferred by law, or threatens to assume jurisdiction where jurisdiction is denied by law, is not, of itself, sufficient to warrant the issuance of a writ of mandamus or prohibition from this court. The adequacy of the remedy by appeal, or in the ordinary course of law, is there declared to be the true test in all cases, and not the mere question of jurisdiction or lack of jurisdiction. *State ex rel. Townsend Gas etc. Co. v. Superior Court* has been followed and approved in many subsequent cases: *State ex rel. Barbo v. Hadley,* 20 Wash. 520, 56 Pac. 29; *State ex rel. McIntyre v. Sup'r Ct.,* 21 Wash. 108, 57 Pac. 352; *State ex rel. Washington Dredg. etc. Co. v. Moore,* 21 Wash. 629, 59 Pac. 505; *State ex rel. Hibbard & Co. v. Sup'r Ct.,* 21 Wash. 631, 59 Pac. 505; *State ex rel. Lewis v. Hogg,* 22 Wash. 646, 62 Pac. 143; *State ex rel. Cann v. Moore,* 23 Wash. 115, 62 Pac. 441; *State ex rel. Hubbard v. Superior Court,* 24 Wash. 438, 64 Pac. 727; *State ex rel. Stratton v. Tallman,* 25 Wash. 295, 65 Pac. 545; *State ex rel. Stratton v. Tallman,* 29 Wash. 317, 69 Pac. 1101; *State ex rel. Carrau v. Superior Court,* 30 Wash. 700, 71 Pac. 648; *State ex rel. Zent v. Neal,* 30 Wash. 702, 71 Pac. 647; *State ex rel. Post v. Superior Court,* 31 Wash. 53, 71 Pac. 740; *State ex rel. Port Orchard Inv. Co. v. Superior Court,* 31 Wash. 410, 71 Pac. 1100; *State ex rel. Stetson & Post Mill Co. v. Superior Court,* 32 Wash. 498, 73 Pac. 479; *State ex rel. Twigg v. Superior Court,* 34 Wash. 643, 76 Pac. 282; *State ex rel. West Seattle v. Superior Court,* 36 Wash. 566, 79 Pac. 29, and is now the established rule on the questions there discussed.

Has the relator an adequate remedy by appeal? As a general rule, the legislature of this state has deemed an appeal from the final judgment an adequate remedy for the correction of all errors committed in the course of a trial, and, ordinarily, an erroneous ruling on a question of jurisdiction is no exception to this general rule. Had the court

below ruled that the complaint stated a cause of action, or denied a motion to quash the summons, or the service thereof, it would be just as important to the relators, and just as desirable from their standpoint, to obtain a ruling from this court on these questions, in advance of the hearing on the merits, as in the case at bar; yet, all will concede that such questions can only be reviewed on an appeal from the final judgment. As said by the supreme court of Montana on a similar application, in *State ex rel. Independent Pub. Co. v. Smith,* 23 Mont. 329, 58 Pac. 867:

"If the writ be proper on the present application, then it might well be invoked to review any intermediate order or decision of a court or judge, such as an order overruling a demurrer to a complaint, or striking out irrelevant matter from a pleading, or granting or refusing a motion to quash a summons, or granting or denying a continuance. *Mandamus* may not thus be diverted from its legitimate office. From a multitude of cases supporting the conclusion here announced, we cite *People v. Sexton,* 24 Cal. 78; *People v. McRoberts,* 100 Ill. 458; *State v. Cotton,* 33 Neb. 561, 50 N. W. 688; *People v. Hubbard,* 22 Cal. 35; *People v. Judge of Twelfth Dist.,* 17 Cal. 548; *People v. Clerk of Court,* 22 Colo. 280, 44 Pac. 506; *Ex parte Chambers,* 10 Mo. App. 240; *State v. Clayton,* 34 Mo. App. 569. See, also, High, Extr. Leg. Rem. (4th Ed.) Sec. 172, and 4 Enc. Pl. & Prac. 442, 443, 492."

In *State ex rel. Wyman etc. Co. v. Superior Court, ante,* p. 443, 82 Pac. 875, just decided, this court entertained jurisdiction of an application for a writ of mandamus to compel the court to proceed with a garnishment proceeding in which it had granted a change of venue. But in that case we could not presume that the court to which the proceeding was transferred would take jurisdiction, if in fact it had none, and furthermore, the error there complained of could never be corrected by an appeal from the court in which the error was committed. We therefore held that there was no adequate remedy by appeal.

It is the general policy of our law that cases shall come to

this court but once, and that the decision of this court shall be based on the merits of the entire controversy. The question here presented is no exception to this rule. There are additional reasons why applications of this kind should not be favored. Such applications are usually submitted in an informal manner, without adequate briefs, and often without an appearance by the adverse party. Such practice is not conducive to a proper consideration, or correct decision, of important questions of law in an appellate court. We again announce the rule that the adequacy of the remedy by appeal, or in the ordinary course of law, is the test to be applied by this court in all applications for extraordinary writs, and not the mere question of jurisdiction or lack of jurisdiction; and that the adequacy of the remedy by appeal does not depend upon the mere question of delay or expense. There must be something in the nature of the action or proceeding that makes it apparent to this court that it will not be able to protect the rights of the litigants or afford them adequate redress, otherwise than through the exercise of this extraordinary jurisdiction.

We desire to say in conclusion that the court is declaring no new rule at this time. The rule now adhered to has been the established one in this court since the decision in *State ex rel. Townsend Gas. etc. Co. v. Superior Court, supra,* and ever since the announcement of that decision the court has uniformly treated the cases cited by the relator as overruled. To avoid further misunderstanding, the cases of *State ex rel. Cummings v. Superior Court; State ex rel. Campbell v. Superior Court; State ex rel. Allen v. Superior Court;* and *State ex rel. Stockman v. Superior Court, supra,* and all other decisions of this court which make the question of the jurisdiction of the court below the sole test of jurisdiction in this court, on applications of this kind, are hereby overruled. The application for the writ is denied.

MOUNT, C. J., FULLERTON, HADLEY, DUNBAR, ROOT, and CROW, JJ., concur.