[No. 6045. Decided July 17, 1906.]

THE STATE OF WASHINGTON, on the Relation of MARTIN OLSON, *Appellant*, v. OSCAR CHRISTOPHER, *Respondent.*[1]

APPEAL—REVIEW—FINDINGS—PROHIBITION—JUSTICE OF THE PEACE. The denial of a writ of prohibition to a justice of the peace, applied for because not the next nearest justice entitled to try the case upon a change of venue, will not be disturbed on appeal where there was evidence that he was the next nearest justice, as that is a question of fact for the trial court to determine upon hearing the application.

Appeal from an order of the superior court for King county, Yakey, J., entered July 13, 1905, in favor of the defendant, after a hearing on the merits, denying an application for a writ of prohibition to prevent a justice of the peace from trying a cause. Affirmed.

*Frank S. Griffith*, for appellant.

*Thomas H. Bain*, for respondent.

MOUNT, C. J.—This appeal is from an order of the superior court of King county, denying a writ of prohibition against a justice of the peace in that county. The facts appear to be as follows: An action was brought before J. Railsback, a justice of the peace in and for Kent precinct,

[1]Reported in 86 Pac. 382.

in King county, charging the relator with the crime of keeping open a saloon on Sunday. Thereafter the relator, as defendant in the criminal action, filed a motion and affidavit in the justice's court for a change of venue to the next nearest justice of the peace. Subsequently the said justice of the peace transferred the case to respondent, who was a justice of the peace for Christopher precinct in King county. Thereupon the relator filed a petition in the superior court of King county, praying for a writ prohibiting the respondent from trying said cause, upon the ground that he was not the "next nearest justice of the peace in the same county who is not of kin to either party, sick, or absent from the county, or interested in the result of the action." The superior court granted a show cause order and thereafter, upon the showing made, denied the writ. The relator appeals.

We shall assume, without intending to decide, that the superior court had jurisdiction to issue the writ because the question of jurisdiction is not presented here. See, *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 877. The judgment must be affirmed upon the merits, for the reason that there was evidence before the lower court that the respondent was, in fact, the next nearest justice of the peace. This question was one of fact, and was determined by the justice of the peace in the first instance, and by the judge of the superior court upon the return to the show cause order. The record before us does not warrant a reversal of this finding of fact. The order appealed from is therefore affirmed.

CROW, ROOT, DUNBAR, HADLEY, FULLERTON, and RUDKIN, JJ., concur.