[No. 13981.   Department One.   April 24, 1917.]

THE STATE OF WASHINGTON, *on the Relation of Charles Griffith, Plaintiff*, v. THE SUPERIOR COURT FOR CLARKE COUNTY, *R. H. Back, Judge, et al., Respondents.*[1]

CERTIORARI—GROUNDS—REFUSING CHANGE OF VENUE—OBJECTIONS BELOW.   Certiorari lies to review the denial of a motion for change of venue of an action commenced in the wrong county to which the defendant was entitled as a matter of right, although the denial was due to inadvertence in failing to call the trial court's attention to the acceptance of service of the motion, and might have been corrected in the court below without additional costs.

Application filed in the supreme court January 25, 1917, for a writ of certiorari to review an order of the superior court for Clarke county, Back, J., denying a motion for change of venue.   Granted.[2]

*Edwin Rhodes*, for relator.

*Miller & Wilkinson*, for respondents.

PER CURIAM.—The Alki Investment Company brought an action in the superior court for Clarke county against Charles Griffith, the relator herein, for the recovery of money.   The relator lives in Pacific county.   The attorney for relator corresponded with the attorneys for the plaintiff in that action, and in response to a letter and the service of a copy of a

[1]Reported in 164 Pac. 516.

[2]Rehearing granted.—Rep.

motion for change of venue and demurrer, service of which was accepted on the 28th day of December, 1916, counsel for the plaintiff said:

"We concede your position is correct and you would be entitled to remove this case to Pacific county and shall not of course resist your motion for change of venue.

"If you will send your original motion and demurrer and order to the clerk of court here, or to us, we will have the judge here sign the order transferring the case and have the clerk send the papers down to your county.

"We presume that you do not care to insist on your demurrer, that you have simply filed the demurrer for the purpose of making an appearance at the time of filing your motion. If you do not care to insist on the demurrer we are willing to allow you such reasonable time as you may want to answer."

Upon receipt of this letter, counsel for the defendant, the relator here, forwarded the papers to the clerk of the court, together with the acceptance of service of the motion and demurrer. The clerk called the attention of the judge to the motion and it was by him denied. It appears by the return of the respondent trial judge that the acceptance of service and the agreement to change the venue was not called to his attention. The case being thereafter noted for hearing upon the demurrer, the relator came to this court asking for a writ of certiorari.

While it is unfortunate that this matter was not corrected in the court below, where it might well have been corrected without additional costs or controversy, we think, nevertheless, that the relator is entitled to his writ. Under the facts disclosed, he is entitled to a change of venue as a matter of right. *State ex rel. Stockman v. Superior Court*, 15 Wash. 366, 46 Pac. 395; *Smith v. Allen*, 18 Wash. 1, 50 Pac. 783, 63 Am. St. 864, 39 L. R. A. 82; *State ex rel. Schwabacher Bros. & Co. v. Superior Court*, 61 Wash. 681, 112 Pac. 927, Ann. Cas. 1912C 814; *State ex rel. Stewart & Holmes Drug Co. v. Superior Court*, 67 Wash. 321, 121 Pac. 466.

The respondent superior judge will be directed to enter an order transferring the case of Alki Investment Company v. Charles Griffith to the superior court for Pacific county for further proceedings.