CANUTO MARTINEZ V. MARGARITA DE MARTINEZ.

Decided November 30, 1898.

**1. Probate of Nuncupative Will—Pleading.**

An application for the probate of a nuncupative will, alleging merely that the testamentary words were spoken two days before the testator's death, is bad on demurrer for failure to aver that they were uttered during the last sickness of the deceased. Rev. Stats., art. 1902.

**2. Same—Statute as to Time and Manner Mandatory—Fraud.**

Under the statute prohibiting the probate of a nuncupative will "after six months have elapsed from the time of speaking the pretended testamentary words, unless the same or the substance thereof shall have been committed to writing within six days after making such will," a failure to make such application within the six months can not be excused by reason of fraudulent conduct on the part of the wife of deceased, who claimed all the property, whereby the applicant was induced to delay action in the matter.

APPEAL from the County Court of Duval. Tried below before Hon. C. L. COYNER.

*Geo. B. Hufford, S. H. Woods, V. L. Brooks, J. O. Nicholson,* and *Coopwood & Coopwood,* for appellant.

*B. F. Baugh, Stayton & Berry, Frank Fenille,* and *James O'Luby,* for appellee.

FLY, ASSOCIATE JUSTICE.—On April 23, 1896, appellant and Modesta Martinez, who afterwards withdrew from the suit, filed their application for probate of a nuncupative will alleged to have been made by Eusebio Martinez, the brother of applicants. It was alleged that deceased left surviving him no child or children, but left a wife, Margarita de Martinez, who was claiming all the property. The death of Eusebio Martinez was alleged to have taken place on November 23, 1895. On March 29, 1897, an amended application for probate of the will was filed by appellant, in which it was alleged "that Eusebio Martinez, late of said county,

departed this life at his residence in the town of San Diego on the 23d day of November, 1895; that in his lifetime at his said residence in said town, county, and State, on to wit, the 21st day of November, 1895, the said Eusebio Martinez, now deceased, called upon Francisco G. Tovar, Lauro L. Arrarte, and Tiburcio Sanchez, who were then present, to take notice and bear witness to the words that he was then about to utter, which words were to be taken and considered as his last will and testament, after his demise, which he declared the same to be; that the said Eusebio Martinez, now deceased, then and there, in the presence and hearing of said witnesses and according to the indication aforesaid, did declare and state in substance that he gave, bequeathed, and demised to his brother Canuto Martinez and to his sister Modesta Martinez the sum of one thousand dollars each, in Mexican money, to be taken out of his estate after his demise, and that the remainder of his estate, real and personal, he gave and devised to his wife, Margarita de Martinez." It was further alleged that appellee had entered into negotiations for a compromise with appellant and caused him to believe that she would compromise until just before the May term, 1896, of the County Court, and then secreted herself so that she could not be cited in time to probate the will at said term, and that it was by reason of such fraudulent conduct that said will could not be probated within six months from the time the testamentary words were spoken. A general demurrer to the application was sustained by the court, and appellant, declining to amend, perfected this appeal.

In article 1902, Revised Statutes, which is identical with article 1849 in the former code, it is provided: "No nuncupative will shall be proved within fourteen days after the death of the testator; nor shall any such will be probated after six months have elapsed from the time of speaking the pretended testamentary words, unless the same or the substance thereof shall have been committed to writing within six days after making such will; nor shall any such will be probated unless it be made in the time of the last sickness of the deceased, at his habitation, or where he has resided for ten days next preceding, except when the deceased is taken sick away from home and dies before he returns to such habitation." Strict proof is required of every provision in that statute in order to have nuncupative wills probated, for it is a species of will that is viewed with suspicion and distrust, and their establishment is only permitted because the exigencies of human affairs sometimes require it. Says the Supreme Court: "Wills of this kind, by the law, are allowed to exist on its bare toleration, and under the shadow of its jealousy; and the establishment of them is allowed, subject to exacting restrictions and conditions which correspond in degree with its fears of their dangerous qualities." Watts v. Holland, 56 Texas, 54. Speaking on the same subject, Judge Hemphill said in Mitchell v. Vickers, 20 Texas, 377: "They are hedged round with numerous restrictions, to guard against the frauds for which oral wills offer so many facilities, and it is a well established

rule that strict proof is required of all requisites prescribed by the law." It is elementary that the allegations and proof must agree, and if great strictness of proof is demanded, strictness of allegation must precede it and form a basis for it.

The statute above copied provides, among other things, that the testamentary words must have been uttered during the last sickness of the deceased, and it would be necessary, in order to probate a nuncupative will, to prove that they were so spoken, and in order to admit such proof it would be essential that there should have been an allegation to that effect. No such allegation appears in the application of appellant. It is true that it is alleged that the words were spoken two days before the death of the deceased, but that allegation does not preclude the proposition that deceased may have been in the enjoyment of excellent health two days before his death, and at the time the alleged testamentary words were spoken. Without the allegation referred to the petition did not state a cause of action, and therefore was open to attack through a general demurrer. There is in the law an express and imperative prohibition against probating a nuncupative will "after six months have elapsed from the time of speaking the pretended testamentary words, unless the same or the substance thereof shall have been committed to writing six days after making such will." It appears from the allegation in the application that the words were not committed to writing within six days, and that the will could not be probated after six months after the testamentary words were spoken. The failure to take the proper steps to secure probation of the will in six months is excused on the ground of fraud on the part of appellee. To sustain that plea this court must hold that circumstances can arise that would render inoperative the provisions of the statute, and that the court should declare that the statute is satisfied where fraud or any untoward circumstance will prevent a compliance with its demands. To do this the court would be compelled to legislate or interpret into the statute something not contained therein. There is no provision to the effect that the will shall not be probated after six months unless application is made to probate the same within the six months, nor is there any provision allowing excuses to prevail for a failure to probate in six months. The statute is mandatory, and can not be construed away by this court.

If excuses could do away with the operation of the statute, no valid reason is given for not committing the testamentary words to writing, in which case it would not have been necessary to probate the will within six months, nor is there any excuse shown for a failure to proceed to probate the will until the six months had nearly expired. Appellee was where she could have been reached by a citation at any time for over four months, and if she had absented herself, provision is made by which she could have been cited by publication.

The judgment is affirmed.

*Affirmed.*