SARAH L. HAYDEN ET AL. V. JOHN H. KIRBY ET AL.

Decided February 12, 1903.

1.—Plea in Abatement—Practice on Appeal.

No exception having been filed in the trial court to a plea in abatement, an objection to a judgment sustaining the plea, urged on the ground that the plea was not filed in due order, will not be considered on appeal.

2.—Same—Trespass to Try Title—Executors—Petition.

Where in trespass to try title the petition alleged that plaintiffs were executors of a foreign will, probated in another State, and filed for record in the county where the land was situated, but also asserted title in fee in themselves as trustees under the will and as heirs of the testator, there being no prayer for recovery in their capacity as such executors, it was error to abate the suit on the ground that they sought recovery as such executors,—the references to them as executors being treated as mere matter of description.

3.—Same—Demurrer—Right to Amend—Reversal on Appeal.

Where defendants filed a general demurrer and also a plea in abatement, and the court sustained the plea and dismissed the suit without acting on the demurrer, and the appellate court finds error in sustaining the plea, it will not affirm the judgment on the ground that the general demurrer should be sustained, as this would deprive plaintiffs of the right to amend.

Appeal from District Court of Hardin. Tried below before Hon L. B. Hightower.

*John P. Works, Lemuel D. Lilly, O'Brien, Bordages & O'Brien,* and *Smith, Crawford & Sonfield,* for appellants.

*Lanier & Martin,* for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by appellants Sarah L. Hayden, William B. Hayden, Chas. H. Hayden and Albert L. Hayden against the appellees, John H. Kirby, W. L. Moody and Lit Swearengen, to recover a survey of 1476 acres of land in Hardin County, Texas, patented to the heirs of Washington R. Griffin. The original petition was filed in the District Court of Hardin County on December 20 1900. In this petition, which is in the ordinary form of a petition in an action of trespass to try title, plaintiffs, who are all nonresidents, allege that they "sue in their capacity as executors and trustees of the last will of Peter Hayden, deceased."

On April 1, 1901, to 1902, respectively, the defendants Kirby and Swearengen each filed an answer consisting of a general demurrer, general denial and plea of not guilty. The defendant W. L. Moody filed a disclaimer on March 23, 1901.

On April 7, 1901, the plaintiffs filed their first amended original petition, which contains the following allegations: "Your petitioners, Sarah Leverett Hayden, a feme sole, William B. Hayden, Charles Hayden and Albert L. Hayden, hereinafter called plaintiffs, complaining of W. L. Moody, Lit Swearengen and of John H. Kirby, hereinafter called defendants, represent:

"That said Sarah Leverett Hayden and William B. Hayden are res.-dent citizens of the city of New York, in the State of New York; said Charles Hayden is a resident citizen of Colorado Springs, in the State of Colorado, and that Albert Hayden is a resident citizen of the city of Chicago, in the state of Illinois; that the defendant W. L. Moody is a resident citizen of the county of Galveston, in the State of Texas, and the defendant John H. Kirby is a resident citizen of the county of Harris in the State of Texas, and the defendant Lit Swearengen is a resident citizen of Hardin County, Texas; that plaintiffs are the duly qualified acting and surviving executrix and executors and trustees of and under the last will and testament of Peter Hayden, deceased; that said Peter Hayden departed this life about the 6th day of April, 1889, testate, and his last will and testament was duly probated in the surrogate court, in the county of New York, in the state of New York, under the laws of said State, and a certified copy of said will, the order and decree of said court admitting said will to probate, together with other proceedings had in said court in the matter of the probate of said will, were duly recorded in the deed records of Hardin County, Texas, in Book U, on pages 234, etc., and were also duly recorded in the deed records of various other counties in the State of Texas; that the said Sarah Leverett Hayden is the surviving wife of said Peter Hayden, and the other plaintiffs herein are the children of said Peter Hayden, deceased; that said plaintiffs as such surviving wife and as such children, together with the other descendants of said Peter Hayden, are the only heirs of said Peter Hayden; that the said Peter Hayden, during his lifetime, was lawfully seized and possessed of in fee simple and was entitled to the possession of the lands and premises hereinafter described; that upon the death of said Peter Hayden these plaintiffs became lawfully seized and possessed of and entitled to the possession of said lands and premises, and on the 1st day of January, 1900, were so lawfully seized and possessed of and entitled to the possession of the same, holding the same in fee simple; that thereafter on the day and year aforesaid the defendants and each of them entered upon said premises and ejected plaintiffs therefrom and wrongfully withhold from plaintiffs the possession thereof to their damage of one thousand dollars; that the premises so entered upon and wrongfully withheld by defendants from plaintiffs are situated within the county of Hardin, in the State of Texas, and are bounded and described as follows."

After describing the land the petition by proper allegations sets up title to the land in plaintiffs under the five and ten years statutes of limitation, and closes with prayer for judgment for the title and possession of the land, for writs of possession and restitution, for rents and damages and for general relief. To this amended petition the defendants Kirby and Swearengen on April 7, 1902, filed the following plea in abatement:

"No. 704.    Sarah L. Hayden et al. v. John H. Kirby et al.    In the District Court of Hardin County, Texas.

"To the Honorable District Court of Hardin County, Texas: In the above styled and numbered cause now come the defendants, John H. Kirby and Lit. Swearengen, and amend their original answer filed in said cause, by leave of the court first obtained, said Kirby's having been filed April 1, 1901, and that of defendant Swearengen April 1, 1902, and file this their first amended original answer in lieu thereof, and allege as follows, to wit:

"First. These defendants plead in abatement of above styled, entitled and numbered suit, and allege that it appears from the allegations of plaintiffs in their first amended original petition, filed herein on the 7th day of April, 1902, that the plaintiffs sue as executors of the last will and testament of Peter Hayden, deceased, and that they, and each of them, are citizens of and reside in a foreign State, and not in the State of Texas, and that said will was probated in the State of New York, and it does not appear from any allegations in said petition that said will was ever probated in any of the probate courts of the State of Texas.

"Second. These defendants say that the said will above mentioned is a foreign will and probated in a foreign State, and the plaintiffs, who are alleged to be the executors thereof, are foreign executors, and do not reside in the State of Texas, and said will has never been probated in Hardin County, Texas, and these defendants say that they have reason to believe, and do believe, and so charge the facts to be from said belief, that said will has never been probated in any of the counties of the State of Texas; wherefore they say that plaintiffs have no right in law to further prosecute this suit, and pray that same be abated and dismissed.

"JOHN H. KIRBY.

"Subscribed and sworn to before me this 7th day of April, 1902, by Jno. H. Kirby. Witness my hand and seal of office 7th day of April, 1902.

[Seal]　　　　　　　　　　　　　　　　　"W. W. CRUISE,
　　　　　　　　　　　"Notary Public, Hardin County, Texas."

This plea was followed by general and special exceptions, general denial and plea of not guilty, and by special pleas setting up the three, five and ten years statutes of limitation in bar of plaintiffs' suit. The court below sustained defendants' plea in abatement and dismissed plaintiffs' suit, from which judgment of dismissal plaintiffs prosecute this appeal.

The judgment of the court below is assailed by appellants upon the following grounds: First. Because the plea in abatement having been filed after the defendants had answered to the merits was not filed in due order of pleading and should not have been considered by the court. Second. Because the allegations of the amended petition show that plaintiffs do not sue in their capacity as executors or as representatives of the estate of Peter Hayden, deceased, but seek to recover as individ-

uals. Third. Because the petition clearly alleges title to the land in plaintiffs as trustees under the will of Peter Hayden and as heirs of said Hayden, and further alleges title by limitation, which allegations are sufficient to entitle plaintiffs to maintain this suit in their individual capacity, and if in addition thereto the petition should be held to contain allegations showing that plaintiffs also seek to recover in the capacity of executors of a will not probated in this State, such allegations should be stricken out on exception, but would not require a dismissal of the suit.

The first objection to the judgment can not be sustained, if for no other reason, because plaintiffs filed no exception to the plea of abatement, and the contention that it was not filed in due order can not be made for the first time in this court.

We think the second and third objections to the judgment are valid. In the case of Roundtree v. Stone, 83 Texas, 299, our Supreme Court hold that a petition which alleges that the plaintiffs are the "executors and trustees under the last will and testament of E. Gibbons, deceased," and were lawfully seized and possessed of the land sued for, but does not pray for a recovery of the land by plaintiffs in their capacity as executors, asserts a right in plaintiffs to recover in their individual capacity and not as executors, and that the words "executors and trustees under the last will and testament of E. Gibbons, deceased," must be deemed as merely descriptio personae,—citing Gayle v. Ennis, 1 Texas, 186; Rider v. Duval, 28 Texas, 624.

It is true the petition in this case contains allegations which do not appear in the petition under consideration in the case of Roundtree v. Stone, supra, but we do not think the allegations as to the probate of the will of Peter Hayden, deceased, and the record of a copy of same in the county in which the land is situated, and the further allegations that the deceased Peter Hayden was during his lifetime seized and possessed of land and upon his death the plaintiffs became lawfully seized and possessed of same, show that plaintiffs sue as representatives of the estate of Peter Hayden. On the contrary, the petition considered as a whole shows that the title asserted by plaintiffs is a fee simple title in themselves. While plaintiffs were not required to plead their title there is no rule which prevents their so pleading, and we think the allegations as to the probate of the will and the record of a copy of same should only be regarded as a statement of the title under which plaintiffs claim the land.

But conceding, for the sake of argument, that the petition does show that plaintiffs sue in the capacity of executors, it is unquestionably true that they also seek to recover as trustees and as heirs of Peter Hayden, and while so much of the petition as alleges a right to recover as executors should be stricken out on exception, that portion which alleges title in plaintiffs as trustees and as heirs is sufficient to show a cause of action against the defendants, and the suit should not have been dismissed.

It may be that the petition in this case should be held bad on general

demurrer on the ground that it does not allege that there is no adminis-
tration upon the estate of Peter Hayden pending in this State, and no
necessity for such administration, but the general demurrer of the
defendants was not passed upon by the court below, and it would be
manifestly unfair to plaintiffs for' this court, after holding that the
plea in abatement was improperly sustained, to affirm the judgment
dismissing the suit on the ground that the general demurrer should
have been sustained. This would have the effect to deprive plaintiffs
of the right to amend, to which he would have been entitled had the
court below sustained the general demurrer, and of which he should
not be deprived by the error of the court below in sustaining the plea
in abatement. More v. Byars, 49 S. W. Rep., 1104.

The judgment of the court below will be reversed and the cause re-
manded, and it is so ordered.

*Reversed and remanded.*