MRS. M. A. C. MOORE ET AL. v. W. A. BOOTHE ET AL.

Decided May 5, 1905.

**1.—Probate of Will—Undue Influence—Submitting Issue Without Evidence.**

In a contest over the probate of a will, wherein there was a general verdict for the contestant, the submission of the issue of undue influence in the absence of any evidence raising that issue, was reversible error.

**2.—Fundamental Error—Reversal—Right to Amend.**

Where a judgment adverse to plaintiff, and which is reversible for error in the trial, is rendered on a petition bad on general demurrer, but that point was not raised below, it can not be urged on appeal as fundamental error and the erroneous judgment sustained on that ground, since this would cut off the right to amend.

**3.—Assignment of Error—Surplusage—Statement—Prolixity.**

Surplusage in an assignment of error and the fact that the statement fol-
lowing a proposition thereunder was unduly prolix and not unmixed with
argument, held not so gross a violation of the rules as to justify the court in
ignoring a meritorious objection.

Appeal from the District Court of De Witt. Tried below before Hon.
James C. Wilson.

*Davidson & Bailey,* for appellants.

*Lackey & Lewright* and *Price, Green & Green,* for appellees.

The briefs of counsel in this case failed to reach the hands of the
reporter.

GILL, ASSOCIATE JUSTICE.—Mrs. M. A. C. Moore offered the will of
her deceased mother, Mrs. Lucy Boothe, for probate in the Probate
Court of De Witt County. The proponent was joined by others inter-
ested as devisees. W. A. Boothe, and others joining with him, con-
tested the probate of the will on two grounds: First, because the testa-
trix was of unsound mind at the date of its execution; and, second, that
the will, as made, was the result of undue influence exercised upon the
testatrix by those interested in its execution.

The Probate Court, after hearing the evidence, admitted the will to
probate. The cause was appealed to the District Court, where the ef-
fort to probate the codicil was abandoned. A jury trial was had in the
District Court, which resulted in a verdict against proponents, and
judgment was entered accordingly. From that judgment proponents
have appealed.

It is unnecessary to set out the will, as its terms have no bearing upon
the questions which control the disposition of this appeal.

The form of the assignments, and the manner of their presentation,
are objected to by appellees, and as to several of the assignments the ob-
jections are meritorious. But, as the assignment we have decided to
consider requires a reversal of the judgment, these objections will not
be discussed.

The assignment which we allow complains of the submission of the
issue of undue influence, the objection being that the issue is not pre-
sented by the evidence. The evidence adduced by proponents was *prima
facie* sufficient to justify the probate of the will. The evidence adduced
by contestants presented the issue of want of mental capacity, and that
issue was submitted to the jury. The court also submitted the issue of
undue influence, and the jury were instructed, in effect, that if they
found a lack of sufficient mental capacity in the testatrix, or that the
will, as made, was the result of undue influence, they should exclude
the will from probate. The verdict was general. It is not necessary
either to set out or discuss the evidence. There is nothing in the record
which rises to the dignity of evidence tending to establish undue influ-
ence, and the court erred in submitting the issue. The verdict being
general, this error requires a reversal of the judgment.

Appellees seek to sustain the judgment on the ground that the application for probate is bad on general demurrer. The point was not made in either of the lower courts, but appellees insist it is fundamental, and can, therefore, be made at any point in the progress of the cause. It is well settled that, where a judgment is rendered in response to pleadings bad on general demurrer, the error is fundamental, and the judgment will be reversed for that reason though the point was not made in the lower court. But we know of no case in which an adverse judgment has been sustained on such a ground alone. The right to amend can not thus be cut off.

The objection to the application, now urged for the first time, is, that it fails to aver that the testatrix was of sound mind at the date of the execution of the will. It is contended that, as the burden is on the proponent, and the statute requires the proof of mental soundness to be explicitly made, the elementary rules of pleading require such an allegation. Article 1884 of the Revised Statutes prescribes what such an application shall contain, and the allegation of mental soundness is not among the things prescribed. The application in question follows the statute.

Article 1904 prescribes that the following facts shall be proved in order to authorize the probate of a will: 1. That the testator, at the time of executing of the will, was twenty-one years of age, or married, was of sound mind, and that he is dead. 2. That the court has jurisdiction of the estate. 3. That citation has been duly served and returned. 4. That the will was executed under the formalities and circumstances required by law. 5. That the will has not been revoked.

The contention that the statute was not intended to suspend the general rule of pleading, to the effect that what is necessary to be proved must also be pleaded, is not without force. The contention is sustained in Martinez v. De Martinez (19 Texas Civ. App., 661, 48 S. W. Rep., 532), and we are not disposed to hold otherwise, but the point is not necessarily up for decision, so we dismiss it with the suggestion that an amendment of the application will eliminate the question.

The matters complained of, growing out of the introduction of evidence, are not likely to arise upon another trial, so we do not discuss them.

For the error indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

Counsel complain of the reversal upon two grounds: First, because the court should have sustained the objections to all the assignments and refused to consider any of them; and second, because the error pointed out in the assignment we sustained was harmless, for the reason that the application for the probate of the will was subject to general demurrer.

We did not point out in the main opinion the objections to the form of the assignments or the manner of their presentation. In deference to the earnestness and .insistence of counsel for appellees, we now pass

on his objections to the fourth assignment, on which we reversed the judgment of the trial court, which were, that it was not properly copied, and was followed neither by a proposition nor proper statement. All the assignments were copied in the brief seriatim, without pretense of formal presentation by proposition, statement and authority. The fourth assignment was unnecessarily long, and contained much surplusage. When counsel undertook, in a later part of the brief, to present it in due form, a substantial copy, with the surplusage eliminated, was followed by two appropriate propositions, the second of which (brief, page 24) presented the exact point which we sustained. The statement following is unduly prolix, and not unmixed with argument, but, considered as a whole, was not so gross a violation of the rules as to justify us in ignoring a meritorious objection.

Upon the second point urged in the motion for rehearing our views remain unchanged, notwithstanding the authorities cited in support of the contention. In Gilbert v. Allen (57 Ind., 524) and Davis v. McMillan (41 N. E. Rep., 851), also an Indiana case, it is squarely held that, if a plaintiff lose in the trial court, he can not secure a reversal on appeal, whatever the errors shown, if it be found that his petition was subject to a general demurrer, and this though the point was made for the first time on appeal. To the same effect is a dictum in Minter v. Durham, an Oregon case, reported in 11 S. W. Rep., 231. The Alabama case is not in point. The other two cited cases are not accessible to us. The case of McClane v. Belvin (47 Texas, 502) contains expressions apparently in point, but a close reading of the opinion discloses the fact that plaintiff, in aid of a petition totally defective because he had no cause of action upon the state of facts set up, filed an amendment seeking to recover on a prior transaction which the amendment affirmatively showed was barred by limitation, and the point was raised in time by the defense. The judgment was properly affirmed, notwithstanding errors, not because the cause of action was defectively stated, but because the facts affirmatively averred, and about which there was no issue, disclosed a complete defense.

There are two classes of petitions against which a general demurrer will prevail. One discloses a state of facts which, under the law, constitute a perfect defense, or otherwise preclude a recovery. The other merely omits some necessary allegation which the pleader has inadvertently left out. In the first class all errors are immaterial. The court will render judgment upon the facts admitted or averred. In the second class, if the demurrer is not urged in the court below and the plaintiff procures a judgment, the insufficiency of the plea may be raised at any point in the progress of the cause, and, on appeal, the error will be treated as fundamental. But in such a case the Appellate Court in this State does not reverse and render the judgment, but reverses the judgment and remands the cause, that the defect, which is not only apparent, but evidently amendable, may be supplied, and the case retried on its merits.

This case falls in the latter class, for if, indeed, the application is fatally defective because of the absence of the allegation that the testatrix was of sound mind, it was manifestly an inadvertence of the pleader. That the missing fact is possibly provable is not only not

negatived by the plea, but proof adduced without objection would have supported the probate of the will had the jury so found. The sufficiency of the application was not questioned in the court below. This court has heretofore declared the law to be as we have stated it. (Hayden v. Kirby, 31 Texas Civ. App., 441, 72 S. W. Rep., 198, in which we followed the case of Moore v. Byers, 49 S. W. Rep., 1104, also a Texas case.) But, had there been no Texas case in point, we would nevertheless have held as we have as an original proposition. We have no doubt of the correctness of our conclusion. We think it comports with the liberal spirit of our laws controlling the right to amend.

We think the motion should be overruled, and it is so ordered.

*Overruled.*