[No. 6669.   Decided October 8, 1907.]

*In the Matter of the Estate of* WILLIAM A. MILLER,
*Deceased.*[1]

WILLS—PROBATE—NUNCUPATIVE WILL — VARIANCE — AMENDMENT.
Upon the probate of a nuncupative will, the court may, in the exercise of its sound discretion, permit the alleged will and records to be amended to conform to the facts found.

SAME—TIME OF LAST SICKNESS—NECESSITY OF EXTREMIS.   A nuncupative will is made "during the last sickness" of the testator, without reference to the fact of extremis or that there was opportunity to reduce it to writing, where the testator expected he was in his last sickness and about to die, and did thereafter die thereof.

Appeal from an order of the superior court for Columbia county, Miller, J., entered July 9, 1906, establishing a nuncupative will and admitting the same to probate.   Affirmed.

*Will H. Fouts* and *G. W. Jewett*, for appellant.
*M. M. Godman*, for respondents.

RUDKIN, J.—This is an appeal from an order establishing a nuncupative will and admitting the same to probate. Upon the hearing of the petition for probate, the court found, "That the instrument filed herein and alleged to be the will of said Miller is not the entire or all the will made by him as shown from the evidence taken herein:" and granted "leave to reduce or have reduced to writing and file herein the nuncupative will of said William A. Miller, as shown from the evidence to have been made by him, and upon the filing of the same such proceedings be had and as the law may warrant in the premises." Thereafter the will, "as shown from the evidence to have been made," was reduced to writing and filed with the clerk; whereupon the court entered an order establishing the will and admitting the same to probate.

[1]Reported in 91 Pac. 967.

The appellant seems to contend that as soon as it appeared that the entire will of the testator was not in form and substance as reduced to writing and set forth in the petition for probate, the court had no alternative but to dismiss the petition. This contention is unsound. In the exercise of a sound discretion, the court might well permit the alleged will and its records to be amended to conform to the facts proved, and such discretion was properly exercised in this case. Again, it is contended that the evidence failed to show either the *animus testandi* or the *animus nuncupandi;* or that the testator called upon any person present to bear witness that such was his will. Without discussing the testimony in detail, we think it clearly appears that the testator was strongly impressed with the probability of impending death, that he intended to make a will, and that his word should stand as his will; and that he called upon those present to bear witness that such was his will, or to that effect, as our statute provides.

It is next contended that the will was not made "at the time of the last sickness" of the testator. Bal. Code, § 4609 (P. C. § 2355). This presents the most serious question in the case. In the leading American case, construing the term "last sickness," in Statutes of Wills, the opinion was written by Chancellor Kent—*Prince v. Hazleton*, 20 Johns. 502. It was there held, by a divided court, that the term "last sickness" means, where the testator is *in extremis*, or overtaken by sudden and violent sickness, and has not time or opportunity to make a written will. This construction of the statute has been adopted and followed in Georgia, Maryland, Mississippi, New Jersey, New York, Pennsylvania, Texas, and Virginia, 30 Am. & Eng. Ency. Law (2d ed.), p. 568. A different rule prevails in Alabama, Illinois, Kansas, Nebraska, and Tennessee. In *Johnston v. Glasscock*, 2 Ala. 218, the court said:

"If a person in his last sickness—that sickness of which he subsequently dies — impressed with the probability of approaching death, deliberately makes his will, conforming to the statute, we do not feel authorized to say that it will be

invalid, because, in point of fact, he had time and opportunity to reduce it to writing."

In *Harrington v. Stees*, 82 Ill. 50, 25 Am. Rep. 290, the court said:

"At common law, it was not essential to the validity of a nuncupative will that the testator should have been ill at all. The statute is, in this regard, a limitation of the common law powers. The words 'in the time of the last sickness' had no technical signification at the time of the passage of the statute. These words must be taken in their ordinary signification. The courts have no power to take from or add to the statute. It is their duty to carry out the will of the legislature as found in the words of the statute, and the necessary and reasonable implications arising from these words. The statute requires it to be proven that the will was made 'in the last sickness.' It is a reasonable and necessary implication that it must also appear that the testator, at the time of making the will, supposed that his then sickness would prove his last sickness—in other words, that he should be impressed with the probability that he would never recover."

To the same effect, see *Nolan v. Gardner*, 7 Heisk (Tenn.) 215.

In *Baird v. Baird*, 70 Kan. 564, 79 Pac. 163, 68 L. R. A. 627, after referring to the two extreme views that might be adopted, the court said:

"We cannot believe that either of these extreme claims are founded in reason, but rather prefer to hold that the proper interpretation of the statute is that where the 'last sickness' of one has progressed to such a point that the deceased expects, and is liable to die at any time, and in view of its occurrence and as preparatory thereto a verbal will is made, and he does thereafter die of such disease, such will is valid and is 'made in the last sickness;' that neither prior preparation to make such verbal will, nor opportunity to make a written will at the time or thereafter, would necessarily be determinative against the validity of the nuncupation."

This rule is approved and followed in *Godfrey v. Smith*, 73 Neb. 756, 103 N. W. 450. The proof clearly shows that the

will in question was made "at the time of the last sickness," as
that term is construed in these decisions, and we feel con-
strained to follow them.  Nuncupative wills are not favored
in law, but it seems to us that the earlier cases not only place
a strict construction upon statutes authorizing them, but go
further and add very materially to the statutes themselves.
We think the construction given in the later cases is more in
harmony with the language and purpose of the statute; and
the requirement that such wills must be strictly proved is a
sufficient guaranty against fraud, at least until the legislature
otherwise provides.

It is lastly contended that the testator lacked testamentary
capacity and was unduly influenced in the making of the will.
These charges find no support in the evidence.  We find no
error in the record and the judgment is affirmed.

HADLEY, C. J., FULLERTON, CROW, DUNBAR, and ROOT,
JJ., concur.