[No. 10006.   Department One.   August 16, 1912.]

*In the Matter of the Estate of* GARDNER GREENLEAF.

GRACE G. DRUMMOND *et al., Appellants,* v. STANLEY R.
EVANS, *Respondent.*[1]

WILLS—PROBATE—NUNCUPATIVE WILLS—TIME FOR PROOF. Rem. &
Bal. Code, § 1331, which provides that no "proof" shall be received of
any nuncupative will unless offered within six months after speaking
the testamentary words, refers to the testimony and not merely to the
petition offering the will; and failure to offer the proofs within six
months, is not excused by delay in consequence of the several pleas of
the next of kin; in view of Rem. & Bal. Code, §§ 1297, 1302, pro-
viding that the court may immediately receive the proofs when the
will is exhibited.

Appeal from a judgment of the superior court for Okano-
gan county, Pendergast, J., entered July 1, 1911, admitting
a will to probate, after a hearing on the merits.   Reversed.

*Smith & Gresham,* for appellants, contended, among other
things, that the proof was not admissible because not offered
within six months.   Rem. & Bal. Code, §§ 86, 1331; Ross
Probate Law, p. 296; 16 Am. & Eng. Ency. Law (2d ed.),
1017; *Lindsay v. Scott,* 56 Wash. 206, 105 Pac. 462;
*Galler v. McMahon,* 51 Wash. 473, 99 Pac. 309; *Burnham v.
Spokane Mercantile Co.,* 18 Wash. 207, 51 Pac. 363; *In re
Sullivan's Estate,* 40 Wash. 202, 82 Pac. 297, 111 Am. St.
895; *Martinez v. DeMartinez,* 19 Tex. Civ. App. 661, 48 S.
W. 532; *Morgan v. Stevens,* 78 Ill. 287; *Godfrey v. Smith,*
73 Neb. 756, 103 N. W. 450; *State v. Poole,* 64 Wash. 47,
116 Pac. 468.

*A. W. Barry* and *Neal & Neal,* for respondent, contended,
among other things, that probate in common form in this
state applies only to written wills.   Rem. & Bal. Code, §§ 1297,
1307, 1309; *Sutton v. Hancock,* 118 Ga. 436, 45 S. E. 504;

[1]Reported in 125 Pac. 789.

*O'Callaghan v. O'Brien*, 116 Fed. 934, 943. Probate in solemn form proceeds upon citation to all interested parties and is the method adopted in this state for nuucupative wills. Rem. & Bal. Code, § 1331; *O'Callaghan v. O'Brien* and *Sutton v. Hancock, supra; Page v. Page*, 2 Rob. (Va.) *424; *Hightower v. Williams*, 104 Ga. 608, 30 S. E. 862; *In re Miller's Estate*, 47 Wash. 253, 91 Pac. 967, 125 Am. St. 904, 13 L. R. A. (N. S.) 1092; *In re Sullivan's Estate*, 40 Wash. 202, 82 Pac. 297, 111 Am. St. 895.

Gose, J.—Gardner Greenleaf died in Okanogan county, in this state, on July 31, 1910. On August 31 following, one Stanley R. Evans filed his petition in the superior court of Okanogan county, wherein he alleged that the deceased, on the day preceding his death, made a nuncupative will in favor of the petitioner; and prayed that the will be admitted to probate, that he be appointed executor thereof, and that citation issue to the next of kin of the deceased that they might contest the will if they thought proper. The will was reduced to writing on the 29th day of August, 1910, and was made a part of the petition. On the 8th day of September, an order was entered directing that citation issue to the parties named in the order, the next of kin of the deceased, and on the same day the clerk of the court issued the citation.

On the 20th day of September, an order was entered, reciting that the return of the sheriff showed that none of the parties could be found in Okanogan county, and that the affidavit of counsel for the petitioner showed that each of the parties was a nonresident of the state, and directing that citation be served by publication. On the 28th day of November, the next of kin appeared specially and moved to quash the citation. On the same day, the petitioner moved for an order directing the clerk of the court to amend the citation by affixing the seal of the court thereto. On the 3d day of January, the latter motion was granted; and on the day

following, an order was entered directing that citation issue
to the next of kin, requiring them to appear before the court
on the 30th day of January, 1911, at the hour of ten o'clock
a. m., and fixing that time for hearing the petition, proof,
and contest of the will. On the date of the last order, the
clerk issued the citation as directed.

On the return day of the order, the petitioner not appear-
ing, on the motion of counsel for the next of kin, an order
was entered by the court commissioner, dismissing the peti-
tion and denying the probate of the will. On the 4th day of
April, upon the motion of the petitioner, the last named
order was vacated, presumably upon the ground that a de-
murrer to the petition was pending when the order was made.
On the same day, an order was entered, overruling the de-
murrer and setting the hearing on the petition for the 10th
day of May. The hearing was had upon that day and more
than nine months after the will was spoken. The demurrer
is not in the record, and we are therefore not advised as to
the grounds upon which it was based. After the first wit-
ness for the petitioner was sworn, and before the introduction
of evidence, counsel for the next of kin objected to the ad-
mission of any evidence in support of the proffered will, on
the ground that no proof of its pronouncement had been
offered within six months after the testamentary words were
spoken. The court received the evidence, and at the con-
clusion of the hearing, entered an order admitting the will
to probate. The mother and sister, the only heirs of the de-
ceased, have appealed; and contend that, under the statute,
the evidence of the speaking of the will must be offered within
six months after speaking the testamentary words. The re-
spondent contends that the filing of the petition for the pro-
bate of the will within the six months is the offering of proof
within the meaning of the statute.

The law of this state pertaining to the execution and
proof of both written and nuncupative wills was enacted in
1854 (Laws 1854, p. 313 et seq.). This statute, page 315,

§ 23 (Rem. & Bal. Code, § 1330), provides the method of making and proving a nuncupative will. Section 25 of the same statute (Rem. & Bal. Code, § 1331), provides the time within which proof shall be received of the pronouncement of such a will. This section is as follows:

"No proof shall be received of any nuncupative will unless it be offered within six months after speaking the testamentary words, nor unless the words, or the substance thereof, be first committed to writing, and a citation issued to the widow or next of kin of the deceased, that they may contest the will if they think proper."

The intention of the legislature could not be more clearly expressed. It means that the testimony in support of the will shall not be received unless it be offered to a court of probate within six months after the testamentary words have been spoken. It will be observed that the word "petition" is not used. It seems too clear to require elucidation that the word "proof" was used as the legal equivalent of testimony or evidence. A reference to other sections of the act conducts the mind indubitably to this view. Section 17 (Rem. & Bal. Code, § 1297), provides that, when "any will" is exhibited to be proven, the court may immediately receive "the proof." Section 20 (Rem. & Bal. Code, § 1300), provides that, in certain contingencies, "proof" shall be taken of the handwriting of the testator and of the witnesses dead, insane, or whose residence is unknown. Section 21 (Rem. & Bal. Code, § 1301), provides that, when all the subscribing witnesses are dead, insane, or the residence unknown, the court shall "take and receive proof" of the handwriting of the testator and subscribing witnesses. Section 22 (Rem. & Bal. Code, § 1302), provides that all the "testimony" adduced in support of the will shall be reduced to writing, signed by the witnesses, and certified by the judge of probate.

A reading of these several sections makes it as plain as written language can make it that the words "proof" and "testimony" are used interchangeably. The title of the act

16—69 WASH.

is "An act relating to wills," and the act embraces both written and nuncupative wills, and provides who may make them, how they shall be made, and how they may be proved and admitted to probate. This court had occasion to consider the question of the relation of the several sections of the statute to each other, and their application to nuncupative wills, in *State ex rel. Stratton v. Tallman*, 25 Wash. 295, 65 Pac. 545, and it there held that Rem. & Bal. Code, § 1307, providing for the contest of a will within one year after its probate or rejection, applied to such a will. The fallacy of the respondent's contention is made more apparent by reading the petition with the evidence. The evidence shows that the petitioner was not present when the alleged will was spoken, and that his petition is based solely upon information gathered from other persons. Moreover, the rule obtains in this state, as elsewhere, that such wills must be strictly proved. *In re Miller's Estate*, 47 Wash. 253, 91 Pac. 967, 125 Am. St. 904, 13 L. R. A. (N. S.) 1092.

We have thus far treated the question as if it were an open one in this state. However, despite the ingenious and attractive argument of counsel to the contrary, we think the construction we have given the statute was squarely announced in *In re Sullivan's Estate*, 40 Wash. 202, 82 Pac. 297, 111 Am. St. 895. In that case a petition was filed for the probate of a nuncupative will. On the same day a citation was issued, directed to the widow and next of kin, citing them to appear on the same day, and reciting that the petition would be heard upon that day. The citation was filed on the same day, with the return of the officer that, after diligent search, he was unable to find the parties named in the citation in his county. Thereupon and on the same day, the court heard testimony and entered an order admitting the alleged will to probate. This was done within six months after the testamentary words were spoken. After holding that the order admitting the will to probate without service of citation was void, and after observing that the petition for the probate

of the alleged will was filed within the time required by statute, and that the alleged words were reduced to writing and *proof* offered within the required time, the court said:

"The statute does not require that the citation shall necessarily be issued and served within six months after the testamentary words are spoken, but it does require that proof shall be offered within that time. We think, therefore, that respondent proposed the will for probate and offered her proof within the required time, and that she has not lost her opportunity to have her petition and proofs considered by the court."

The argument that the court there used the word "proof" as the equivalent of "petition" seems to us a strained construction of language that is so clear that it leaves the mind free from doubt as to what the court intended to hold.

We have stated the record at some length, because the respondent contends that the probate of a nuncupative will is in its nature a probate in solemn form; and that, if he was delayed in the introduction of his evidence in support of the will more than six months after the speaking of the testamentary words in consequence of the several pleas of the appellants, they cannot profit by the delay. This argument is answered by the statute. Rem. & Bal. Code, § 1297, provides that, when a will is exhibited to be proven, the court may immediately receive the proof; and § 1302 provides that all the testimony adduced in support of the will shall be reduced to writing, signed by the witnesses, and certified by the judge. Under these provisions, it was competent for the respondent to make his proof; that is, present his testimony in support of the proffered will, have it reduced to writing, signed by the witnesses, and certified by the judge at the time he exhibited it in written form to be proven, or at any time thereafter "within six months after speaking the testamentary words." He could then have caused citation to be issued to the widow or next of kin of the deceased, so that they could contest the will if they thought proper.

A similar argument was made in *Martinez v. De Martinez,* 19 Tex. Civ. App. 661, 48 S. W. 532. The petitioners there sought to evade the time limit fixed in the statute for the probate of a nuncupative will by showing that the appellee, by negotiations for a compromise and later by secreting herself so that she could not be cited in time to probate the will within six months from the time the testamentary words were spoken, prevented them from complying with the statute. The court said that to hold that the fraud of the appellee would excuse a compliance with the statute would be to "legislate or interpret into the statute something not contained therein." For the reasons stated, the court erred in admitting the alleged will to probate.

The judgment is reversed, with directions to enter an order rejecting it.

CROW, CHADWICK, FULLERTON, and PARKER, JJ., concur.