## HOUSTON et al. v. NORTON. (No. 1615.)

(Court of Civil Appeals of Texas. El Paso.
May 29, 1924. Rehearing Denied
June 19, 1924.)

1. Wills ⇐21—Testator must be of sound mind.

That testator was of sound mind at time of making will is one of constituent facts necessary to due execution of will, under Rev. St. art. 7855.

2. Wills ⇐52(1)—Burden on proponents to show testator of sound mind.

Testamentary capacity of testator must be shown by proponents before an instrument can be recognized as a valid will, under Rev. St. art. 3271.

3. Wills ⇐400—Form of charge submitting testamentary capacity held not reversible error.

A special issue, "Was her mind and memory sufficiently sound to enable her to know and understand what she was doing and the nature and effect of the act then being done by her?" in a will contest, though not in the best form, held not reversible error.

4. Trial ⇐194(9)—Instruction held not on weight of evidence.

An instruction stating rule of law governing mental capacity required in executing wills held not objectionable as on weight of evidence.

5. Wills ⇐400—Exclusion of evidence in will contest held not reversible error.

In will contest, exclusion of declarations of testatrix several months before her death, concerning proponent's desires as to disposi-

tion by testatrix of her property, *held* not reversible error.

**6. Wills ⊗⇒303(3)—Will held properly admitted in evidence over objection that subscribing witness testified that testatrix did not ask him to sign it.**

In will contest, court did not err in not excluding will on objection that one of witnesses testified that testatrix did not ask him to sign it, that he remembered of, but that he thought Judge F. asked him.

Error from District Court, Eastland County; Geo. L. Davenport, Judge.

In the matter of the estate of Mrs. E. A. Houston, deceased. Application for probate of will by Mrs. Docia Ella Norton, contested by John Houston and others. From a judgment, admitting will to probate, contestants bring error. Affirmed.

See, also, 235 S. W. 963.

J. R. Stubblefield and Chas. C. Robey, both of Eastland, for plaintiffs in error.

Turner & Seaberry, of Eastland, for defendant in error.

WALTHALL, J. This apepal presents the contest of the will of Mrs. E. A. Houston.

Mrs. Docia Ella Norton filed an application for the probate of the will. John Houston, Ed Houston, C. P. Houston, and Mrs. D. D. Curtis, joined by her husband, Jim Curtis, all children of the testatrix, except Jim Curtis, contested the probating of the will upon the grounds that at the time of the execution of the will Mrs. E. A. Houston was not of sound mind, and that Mrs. Docia Ella Norton and her husband, Joe Norton, had unduly influenced Mrs. Houston in its execution.

Judgment was entered in the county court admitting said will to probate, and from that judgment an appeal was duly perfected to the district court. The case was tried in the district court with a jury, submitted upon special issues, and upon the jury's verdict judgment was rendered admitting the will to probate, and from that judgment this appeal is prosecuted.

### Opinion.

Under the terms of the will, executed in due form, Mrs. Houston bequeathed all of her property to her daughter, Docia Ella Norton, defendant in error here.

The trial court submitted to the jury the following general charge:

"Special Issue No. 1: At the time Mrs. E. A. Houston signed and executed the instrument of writing, dated May 2, 1917, witnessed by J. R. Frost and H. B. Horn, was her mind and memory sufficiently sound to enable her to know and understand what she was doing, and the nature and effect of the act then being done by her? Answer 'Yes' or 'No.' "

Plaintiffs in error insist that the giving of the above charge was error, on the ground:

"Because the law required the trial court to find as a fact, before the purported will could be probated, that Mrs. Houston was of sound mind.'

[1, 2] Article 3271, Revised Statutes, provides that, before admitting a will to probate, it must be proved to the satisfaction of the court "that the testator, at the time of executing the will * * * was of sound mind," and other facts unimportant to state here. That Mrs. E. A. Houston was of sound mind at the time of making the will is one of the constituent facts necessary to the due execution of her will. That fact, the above article declares, must be shown before an instrument purporting to be of a testamentary character can be recognized as a valid will. It was held in Campbell v. Campbell (Tex. Civ. App.) 215 S. W. 134, that the testamentary capacity of the testator must be proven whether there is a contest or whether the pleadings raise the issue or not.

Article 7855 of the statute (Rev. St.), in stating who are competent to make a will, provides that—

"Every person aged twenty-one years and upward, or who may be or may have been lawfully married, being of sound mind, shall have power to make a last will and testament, under the rules and limitations prescribed by law."

Plaintiffs in error cite us to the case of Moore v. Boothe, 39 Tex. Civ. App. 339, 87 S. W. 882, as reversing the case because the proponents of the will failed to allege that the testator was of sound mind at the time he executed the will. We do not so understand the holding in that case. In that case Judge Gill, in writing the opinion, referred to another case as so holding, but remarked, "The point is not necessarily up for decision, so we dismiss it," with a suggestion, however, That question is not presented here.

[3] The proposition here is that the above-quoted charge was error because the law required the trial court to find as a fact that in making the will Mrs. Houston was of sound mind, before the will could be probated. The effect of the proposition is to raise the issue indirectly of the sufficiency of the evidence to show that in making the will Mrs. Houston was not of sound mind, and that the charge did not submit the issue whether she was of sound mind, but did submit as to whether her mind and memory were sufficiently sound to enable her to know and understand what she was doing and the nature and effect of her act.

The charge is not in the best form, but we have concluded that the form in which the issue was submitted as to whether Mrs. Houston was of sound mind does not present reversible error. The fact to be sub-

⊗⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

mitted and found by the jury before the will could be probated was: Was Mrs. Houston, at the time of executing the will, of sound mind?

The condition of her memory was not an issue of fact to be submitted to and found by the jury, but, when the evidence suggests a want of memory on the part of the testator at the time of making the will, the courts, as a test of the mental capacity of the testator to make a will, direct an inquiry as to the memory, an evidentiary fact, in determining whether the testator was of sound mind.

That the charge submitted that the jury find whether Mrs. Houston's memory was sufficiently sound, that is, sufficiently healthy, whole, unbroken, or undisturbed to enable her to know the things suggested in the charge in submitting the vital issue of her testamentary capacity, would not, we think, be reversible error. The issue is one of capacity to know, and not of actual knowledge, so that if she had sufficient capacity to enable her to know and understand the facts submitted, the result of capacity, she had sufficient mental capacity to make a will. Brown v. Mitchell, 75 Tex. 9, 12 S. W. 606. The proposition does not present reversible error.

The evidence is sufficient to show that Mrs. Houston was of sound mind when she made the will. We need not quote it. The testimony of the attending physician and those who witnessed the execution of the will testified to her mental capacity.

In connection with the submission of the above-quoted charge, the court, at the request of defendants in error, gave the following special charge:

"You are instructed that the rule of law governing the mental capacity required in executing testaments is that testatrix need not possess the highest qualities of mind, and her mind may be weak, and her understanding impaired, but it is sufficient if she is capable of understanding the nature of the business in which she is engaged and of comprehending her property, and of recollecting the natural objects of her bounty. In determining the extent of her mental capacity, it is not necessary to be shown that the testatrix, Mrs. E. A. Houston, actually understood and recollected these things, but that she was mentally capable of doing so."

[4] The above special charge is not subject to the criticism that it is on the weight of the evidence. It is a statement of the rule of law governing the mental capacity required in executing wills. Brown v. Mitchell, 75 Tex. 10, 12 S. W. 606; Trezevant v. Rains (Tex. Sup.) 19 S. W. 567; Prather v. McClelland, 76 Tex. 574, 13 S. W. 543.

[5] Error is assigned to the exclusion of the offered testimony of Mrs. Truly to the effect that a short time (the record shows several months) prior to the death of Mrs. Houston, Mrs. Houston told witness that Joe Norton and his wife, Docia Norton (beneficiaries under the will), wanted her (Mrs. Houston) to either deed or will all of her property to Docia Norton, but that she did not want to do that. The evidence might have been admissible when taken in connection with other evidence, facts, or circumstances nearer in time to the making of the will, but standing alone, if admissible, its refusal does not present reversible error. The evidence shows no coercive measures were attempted or even suggested, but it does show that she was left to exercise her own will in the matter. We have considered the evidence in connection with all evidence offered and heard on the issues of undue influence, and have concluded that the evidence is not such as to require the submission of the issue of undue influence, and the court was not in error in refusing to give the special charge submitting that issue. Norton v. Houston (Tex. Civ. App.) 235 S. W. 963; Scott v. Townsend, 106 Tex. 322, 166 S. W. 1138; Simon v. Middleton, 51 Tex. Civ. App. 531, 112 S. W. 441.

[6] The court was not in error in not excluding the introduction of the will in evidence, over the objection that one of the subscribing witnesses testified:

"The old lady [referring to testatrix] didn't ask me to sign it [the will], that I remember of—I think Judge Frost asked me."

Finding no reversible error the case is affirmed.

HIGGINS, J. (concurring). There is no merit in the objection that Horn, one of the subscribing witnesses to the will, was not shown to have attested the will at the request of the testatrix. His testimony shows clearly that he signed as a subscribing witness with the knowledge and consent of Mrs. Houston in her presence, and all of the facts and circumstances attending the execution of the will show that she desired him to attest it as a subscribing witness.

In 28 R. C. L. 127, it is said:

"No particular form of words, however, need be used by a testator in requesting witnesses to attest his will, and such request to witnesses to subscribe the attestation may be made through any words or acts which clearly evince that desire. So a constructive request is sometimes considered the equivalent of an actual request. Under this view a request to sign as witness made in the presence of the testator by one intrusted with the preparation of a will may be taken as the equivalent of a request of the testator. It is sufficient that enough is said or done in the presence, and with the knowledge, of the testator, to make the witnesses understand distinctly that he desires them to know that the paper is his will, and that they are to witness it."

40 Cyc. 1115, says:

"No formal request is necessary. It is not material how the request is conveyed to the

witnesses so long as it appears that the request was the free and intelligent act of the testator. It may be implied from the acts or conduct of the testator and from the attendant circumstances as by his asking that the witnesses be sent for to attest the execution or by assent to their signing, by affirmative response to a question as to whether the testator wanted the will attested, or by the reading of the attestation clause in the testator's presence after signing by the witnesses. So a request may be implied by acquiescence in the request of another that the will be signed. Such request may be made by any person so long as the testator acquiesces or approves of it or by his conduct such acquiescence or approval can be implied. It must appear, however, that the testator knew of the request. So the request may be by words used at the same time for the purpose of publishing the will."